IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00010-RLV
(5:01-cr-00008-RLV-2)

| | |
|---|---|
| VICTOR DESCOTT TORRENCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

I. BACKGROUND

On May 7, 2001, Petitioner was indicted in this District on one count of participating in a wide-ranging drug conspiracy to possess with intent to distribute cocaine base in Catawba and Lincoln Counties, and elsewhere within the District, in violation of 21 U.S.C. §§ 846 and 841(a)(1). In August of 2001, Petitioner entered into a written plea agreement with the Government in which he agreed that he was in fact guilty of the count charged against him. Petitioner also agreed that in exchange for the concessions made by the Government in the plea agreement, Petitioner would waive his right to contest his conviction or sentence in a direct appeal or in a collateral proceeding, except through claims of prosecutorial misconduct or ineffective assistance of counsel. (5:01-cr-00008, Doc. No. 89: Plea Agreement ¶¶ 3, 13). On August 29, 2001, Petitioner appeared for his Plea and Rule 11 hearing before U.S. Magistrate

1

Judge H.B. McKnight, and the elements of his drug charge were explained to him along with the potential penalties and he averred that he understood the charge and the consequences he faced upon conviction. Petitioner also averred that he understood and agreed with the terms of his plea agreement. The court then accepted Petitioner's plea after finding that it was knowing and voluntary. (Id., Doc. No. 97: Acceptance and Entry of Plea).

In Petitioner's Presentence Report ("PSR"), the probation officer concluded that Petitioner qualified as a career offender under § 4B1.1 of the U.S. Sentencing Guidelines Manual ("USSG") based on several prior North Carolina assault convictions which included assault with a deadly weapon with intent to kill an officer.[1] After adjusting for acceptance of responsibility, Petitioner's total offense level was 34 and with a criminal history category VI, Petitioner's Guidelines range was 262 to 327-months' imprisonment. (Id., PSR ¶¶ 25, 63).

On April 15, 2001, Petitioner was sentenced to a term of 262-months' imprisonment and he appealed. (Id., Doc. No. 209: Judgment). Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Petitioner file a *pro se* supplemental brief. In particular, Petitioner challenged the knowing and voluntary nature of his appeal waiver contending that he was not adequately advised by the court regarding the impact of the waiver. Petitioner also argued that he was erroneously sentenced as a career offender. After reviewing the record, the Court was unpersuaded and found that Petitioner's guilty plea was voluntarily entered and that

---

[1] Under the Guidelines: (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a).

A prior felony conviction, as pertinent here, is any state conviction that carries a sentence of more than one year. USSG § 4B1.2 cmt. n.1. Each of Petitioner's state assault convictions that were identified in the PSR to support the career offender designation carried a sentence of more than one year.

2

he knowingly and intelligently chose to waive his right to appeal his conviction or sentence. The Court also concluded that Petitioner's challenge to his career offender designation was barred by the terms of his appeal waiver. Petitioner's judgment was affirmed in all respects. See United States v. Torrence, 62 Fed. App'x 528 (4th Cir. 2003) (unpublished).

In the present § 2255 Motion to Vacate, Petitioner renews his contention that he was erroneously sentenced as a career offender and he cites the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), as codified in 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional. (5:16-cv-00010, Doc. No. 1 at 1).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

The Court finds that Petitioner's § 2255 motion should be dismissed for two reasons. First, Petitioner knowingly and voluntarily waived his right to raise his present challenge to his career offender designation in his plea agreement, which is a finding that the Fourth Circuit expressly made on appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case

doctrine forecloses litigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

Second, an argument that a Guidelines calculation is erroneous is generally not cognizable on collateral review notwithstanding the validity of Petitioner's waiver. "The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice" are cognizable.'" United States v. Foote, 784 F.3d 931, 932 (4th Cir.), cert. denied, 135 S. Ct. 2850 (2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

Based on the foregoing, the Court finds that Petitioner's § 2255 motion should be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 14, 2016

Richard L. Voorhees
United States District Judge